UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJKO BARBIR, | Case No. 2:24-cv-2284-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| PATRICK COVELLO, | |
| Respondent. | |

    Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. The petition cannot proceed past screening because it appears untimely. I will dismiss the current petition and give petitioner an opportunity to amend and explain why this action should proceed. I will also deny petitioner's application to proceed *in forma pauperis*, ECF No. 5, as moot, because he has paid the filing fee.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

Petitioner claims that the underlying conviction he is challenging was finalized in 1988. ECF No. 1 at 2. He raises several claims related to this conviction, including that his counsel was constitutionally ineffective. *Id.* at 20. Any challenge to this conviction appears to be well past the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act, however. Petitioner has not offered any justification for the delay or argument that tolling renders claims related to this conviction timely.

Rather than recommending immediate dismissal, I will permit petitioner to amend his petition and better explain the nature of his claims and why they should proceed. If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No.5, is DENIED as moot in light of the payment of the filing fee.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:     February 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2