UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJKO BARBIR,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Respondent. | Case No. 2:24-cv-2284-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, brings this action under section 2254. I found that the initial petition appeared untimely, and offered petitioner an opportunity to amend and explain why his claims should proceed. Petitioner filed an amended petition, ECF No. 7, that does nothing to ameliorate the obvious untimeliness of his claims. Accordingly, I now recommend that the action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

1    As before, petitioner's claims stem from a conviction that was finalized in the late
2  nineteen-eighties.  ECF No. 7 at 9 (noting that the state court of appeal affirmed the conviction in
3  1989).  Any challenge to this conviction is, as I found previously, well past the one-year statute of
4  limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Notably, for
5  claimants like petitioner, whose conviction was finalized before the passage of AEDPA in 1996,
6  the deadline for filing a federal habeas petition expired one year after passage of the act, in 1997.
7  *See Miles v. Punty*, 187 F.3d 1104, 1105 (9th Cir. 1999) ("Accordingly, a prisoner with a state
8  conviction finalized before April 24, 1996, such as Miles, had until April 23, 1997 to file a federal
9  habeas petition.").  Plaintiff filed the initial petition in this action on August 22, 2024.  ECF No.
10 1.  As in his previous petition, petitioner has not offered any justification for the delay or
11 argument that tolling renders claims related to this conviction timely.  Accordingly, I now
12 recommend this action be dismissed as untimely.

13   Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this
14 action.

15   Further, it is RECOMMENDED that the amended petition, ECF No. 7, be DISMISSED
16 without leave to amend as untimely.

17   These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
19 service of these findings and recommendations, any party may file written objections with the
20 court and serve a copy on all parties.  Any such document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
22 within fourteen days of service of the objections.  The parties are advised that failure to file
23 objections within the specified time may waive the right to appeal the District Court's order.  *See*
24 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
25 1991).

IT IS SO ORDERED.

Dated:   May 16, 2025  

          JEREMY D. PETERSON
          UNITED STATES MAGISTRATE JUDGE

3